IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2185-FL

| | | |
|---|---|---|
| MARIO VARGAS-FREGOSO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| LAFAYETTE HALL, | ) | |
| | ) | |
| Respondents. | ) | |

This matter came before the court on the motion for summary judgment (DE 8) pursuant to

Federal Rule of Civil Procedure 56 of respondent Lafayette Hall ("respondent"). Also before the

court is petitioner's motion to compel/motion to stay (DE 11), which was fully briefed. In this

posture, the issues raised are ripe for adjudication. For the following reasons, the court grants

respondent's motion and denies petitioner's motion.

**STATEMENT OF CASE**

On March 6, 2007, in the Wake County Superior Court, petitioner pleaded guilty to

trafficking cocaine by transportation, trafficking in cocaine by possession, and conspiracy to traffic

cocaine by possession and transportation. Resp.'t's Mem. Ex. 2. On June 4, 2008, judgment was

entered and petitioner was sentenced to a term of one hundred seventy-five (175) to two hundred

nineteen (219) months imprisonment. Id. Resp't's Exs. 1, 2. Petitioner did not file a direct appeal.

On September 14, 2010, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Wake County Superior Court. Resp't's Mem. Ex. 3. Then, on April 1, 2011, petitioner filed a *pro se* petition for a writ of mandamus in the North Carolina Court of Appeals. Id. Ex. 5. The superior court denied petitioner's MAR on April 6, 2011, and the court of appeals denied petitioner's petition for a writ of mandamus on April 18, 2011. Id. Exs. 4, 7. On May 12, 2011, petitioner filed a *pro se* petition for a writ of mandamus in the North Carolina Supreme Court, which was denied on June 15, 2011. Id. Exs. 8, 9.

On August 2, 2012,[1] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court subsequently issued an order noting that petitioner's § 2254 petition was not filed on the correct form, and directed petitioner to file his petition on the appropriate form. On January 28, 2013, petitioner complied with the court's order, and filed his petition on the correct form. Petitioner raised the following claims in his § 2254 petition: (1) his indictments were defective; (2) his convictions violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; and (3) his criminal proceedings violated the Vienna Convention. Respondent subsequently moved to dismiss petitioner's habeas petition on the grounds that it was filed outside of the statute of limitations, and therefore is time-barred. The issues were fully briefed.

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated July 30, 2012, but filed on August 2, 2012, to be filed on July 30, 2012. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

2

## DISCUSSION

A.      Motion to Compel/Motion to Stay

Petitioner filed a motion to compel discovery.  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  "A judge may, for good cause, authorize a party to conduct discovery." Rules Governing § 2254 Cases, Rule 6(a).  "A party requesting discovery must provide reasons for the request."  Id., Rule 6(b).  In this case, petitioner has not established good cause for discovery.  Therefore, petitioner's motion is denied.  Because the court denies petitioner's motion for discovery, the court additionally denies petitioner's motion to stay pending discovery.

B.      Motion for Summary Judgment

1.      Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986).  The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial.  Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Anderson, 477 U.S. at 250.

2.    Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of

habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within

one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> B) the date on which the impediment to filing an application . . . is
> removed . . .; C) the date on which the constitutional right was
> initially recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or D) the date on which the factual
> predicate of the claim or claims presented could have been
> discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final.

Judgment in this case was entered on June 4, 2008. Petitioner thereafter had fourteen (14) days after

the entry of judgment to file an appeal. N.C.R. of App. P. 4(a). Petitioner did not file an appeal.

Therefore, petitioner's judgment became final on June 18, 2008. As a result, petitioner's one-year

statutory period began to run on June 18, 2008, and ran for three hundred sixty-five (365) days until

it expired on June 18, 2009.

Petitioner's September 14, 2010, MAR, and subsequent filings, did not operate to toll the

running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the

time "a properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d

557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See

Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02,

2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

As a defense to the running of the statute of limitations, petitioner contends that the Vienna Convention treaty supercedes the applicable statute of limitations in this action. Petitioner, however, is incorrect. Claims under the Vienna Convention still are subject to the same procedural rules that apply to other federal law claims. Sanchez-Llamas v. Oregon, 548 U.S. 331, 358 (2006) (holding that claims pursuant to Article 36 "may be subjected to the same procedural default rules that apply generally to other federal-law claims."); Torres v. Lee, No. 1:05CV661, 2006 WL 1932328, at *3-5 (M.D.N.C. July 11, 2006) (dismissing Vienna Convention claim as time-barred), appeal dismissed, 207 F. App'x 269 (4th Cir. Nov. 22, 2006); Perez-Cardoza v. Brigham, No. 3:11-cv-606-RJC, 2013 WL 2480664, at *3 (W.D.N.C. June 10, 2013) (finding Vienna Convention claim pursuant to 42 U.S.C. § 1983 was time-barred). Thus, the statute of limitations is applicable in this action.

To the extent petitioner argues that he is entitled to belated commencement of the limitation period under § 2244(d)(1)(D), this contention too is meritless. The statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003)). In evaluating a petitioner's diligence, a court must consider that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005). Finally, "the petitioner bears the burden of

proving that he exercised due diligence, in order for the statute of limitations to begin running from

the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)."

DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006) (citing Lott v. Coyle, 261 F.3d 594, 605-06 (6th

Cir. 2001)).

In this case, petitioner has not set forth any facts demonstrating that he exercised due

diligence in discovering his claim. Therefore, § 2244(d)(1)(A) and not § 2244(d)(1)(D) provides

the starting date for the period of limitation, and the action is time-barred.[2]

C.      Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district

court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Having determined petitioner is not entitled to relief and respondent is entitled to

dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate

of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been

---

[2] Even if petitioner's Vienna Convention claim was not time barred, it alternatively
would be dismissed on the merits. Specifically, petitioner offers nothing more than conclusory
allegations to support his Vienna Convention claim, which is insufficient to establish a
constitutional violation. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), ("In order
to obtain an evidentiary hearing . . . a habeas petitioner must come forward with some evidence
that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas
petitioner to an evidentiary hearing."), abrogated on other grounds recognized by, Yeatts v.
Angelone, 166 F.3d 255 (4th Cir. 1999); see, e.g., Hutchinson v. Florida, 677 F.3d 1097, 1099
(11th Cir. 2012); Smith v. Virginia, No. 3:12CV148, 2013 WL 871519, at *4 (E.D. Va. Mar. 8,
2013) ("[C]onclusory allegations fail to meet the high burden required to demonstrate
entitlement to equitable tolling.") Further, petitioner's Vienna convention claim is waived
pursuant to his knowing and voluntary guilty plea. See Sanchez-Llamas, 548 U.S. at 358.

adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion to compel/motion to stay (DE 11) is DENIED, and respondent's motion for summary judgment (DE 8) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 17th day of January, 2014.

LOUISE W. FLANAGAN
United States District Judge